IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY D. HUDDLESTON,

      Plaintiff,

v.

JOHN DOE FIELD SERVICE
SUPERVISOR and JANE DOE
CLINICAL SERVICES SUPERVISOR,

      Defendants.

Case No. 23-cv-1222-MAB

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Jeffrey D. Huddleston, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Big Muddy Correctional Center. Huddleston alleges that Defendants improperly denied his host sites and held him in prison beyond his release date.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Huddleston makes the following allegations: On March 1, 2013, Huddleston was sentenced to twelve years in prison. Pursuant to the sentencing order, Huddleston was to be released on Mandatory Supervised Release ("MSR") on March 1, 2019 (Doc. 1, p. 6). Although Huddleston does not specify the nature of his conviction, he maintains that it did not require registry on the Illinois Sex Offender Registry (*Id.*).

Huddleston was housed at Big Muddy River Correctional Center ("Big Muddy") at the time of his scheduled March 1, 2019 MSR date (*Id.*). Big Muddy's field services supervisor and clinical services supervisor, however, denied all of Huddleston's proposed host sites, claiming that the sites did not meet the guidelines for release of sex offenders (*Id.*). Despite Huddleston's sentencing order not including sex offender registry, Huddleston alleges that John Doe field services supervisor and Jane Doe clinical services supervisor improperly precluded Huddleston's host sites because they believed his conviction and sentence should qualify for registry (*Id.*). As a result, Huddleston alleges that he was housed in IDOC custody 15 months past his release date, until his release on June 22, 2020 (*Id.* at p. 7). He alleges that the failure to release him caused him stress and anxiety. He also alleges that his liberty was improperly restricted.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

**Count 1:** **Eighth Amendment claim against John Doe Field Services Supervisor and Jane Doe Clinical Services Supervisor for subjecting Huddleston to cruel and unusual punishment by improperly denying his host sites and prohibiting his release.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard**.[2]

At this stage, the Court finds that Huddleston states a claim for improperly being held beyond his release date. *See Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015) (citations omitted) (incarcerating a person beyond the term of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment). *See also Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014). Thus, Count 1 shall proceed against John Doe Field Services Supervisor and Jane Doe Clinical Services Supervisor. To help Huddleston identify the unknown defendants, the Court **ADDS**

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

warden Kimberly Hvarre, in her official capacity, to respond to discovery aimed at identifying the unknown defendants.

## Pending Motions

As to Huddleston's motion for counsel (Doc. 3), he fails to demonstrate that he sought counsel on his own. Because Huddleston has not sought to obtain counsel on his own, his motion is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Huddleston to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Huddleston should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Huddleston's motion for status (Doc. 19) is **DENIED as moot**.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe Field Services Supervisor and Jane Doe Clinical Services Supervisor. In order to help identify the unknown defendants, the Court **ADDS** Kimberly Hvarre, in her official capacity.

The Clerk of Court shall prepare for Defendant Kimberly Hvarre: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of

employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. **Because Kimberly Hvarre was added to the case for the sole purpose of responding to discovery aimed at identifying the unknown defendants, she need not file an Answer. Once counsel has entered their appearance on Hvarre's behalf, the Court will enter a scheduling order setting forth specific guidelines for John Doe discovery.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/11/2023**

**/s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**